IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SERGEI KOVALEV,<br><br>               Plaintiff,<br><br>v.<br><br>LIDL US, LLC,<br><br>               Defendant. | CIVIL ACTION<br>NO. 21-3300 |

**OPINION**

**Slomsky, J.**                                                                                                    **September 21, 2021**

## I.   INTRODUCTION

Before the Court are pro se Plaintiff's Motion to Remand to State Court (Doc. No. 4) and Plaintiff's Motion to Strike [the] Answer to [the] Complaint and All Affirmative Defenses (Doc. No. 5). Defendant has filed Responses in Opposition to both Motions (Doc. Nos. 8, 10), and Plaintiff has filed Replies to both Responses (Doc. Nos. 9, 11). For reasons that follow, Plaintiff's Motion to Remand and Motion to Strike will be denied.

## II.   BACKGROUND

This case arises from the alleged purchase and consumption of moldy bread from a Lidl supermarket located in Philadelphia, Pennsylvania. (See Doc. No. 1-1 ¶¶ 9–20.) On March 27, 2021, pro se Plaintiff Sergei Kovalev filed suit against Defendant Lidl US, LLC in the Court of Common Pleas of Philadelphia County. (See Doc. No. 1-1 at 16.) On July 23, 2021, Defendant removed the case to this Court pursuant to 28 U.S.C. § 1332 (diversity of citizenship jurisdiction), but renamed the Defendant as Lidl US Operations, LLC.[1] (See Doc. No. 1 ¶ 18.) It is undisputed

---

[1]   In the Notice of Removal, Defendant states "Defendant Lidl US Operations, LLC (incorrectly identified as Lidl US, LLC) . . . hereby files this Notice of removal of the above captioned case

that both Lidl US, LLC and Lidl US Operations, LLC are limited liability companies. (See Doc. Nos. 7, 9, 11.)

On July 30, 2021, Plaintiff filed the Motion to Remand this case to state court. (Doc. No. 4.) In the Motion, Plaintiff asks this Court to remand the case to state court because "federal court subject matter jurisdiction was never established in this case" and Defendant "never initiated proper removal procedure." (Id. at 4, 23.) Specifically, Plaintiff contends "[t]he whole action is entirely based on the State of Pennsylvania laws and both, Plaintiff and Lidl US, LLC are citizens of the State of Pennsylvania." (Id. at 5.) Plaintiff argues no diversity jurisdiction exists because Lidl and its other names "are registered as entities conducting business in the State of Pennsylvania."[2] (Id. at 15.) Additionally, Plaintiff contends Defendant's Notice of Removal "was fraudulent, baseless, defective, and plainly bizarre due to the fact that there is no [sic] any real defendant in the removed case." (Doc. No. 4 at 6.) The gravamen of Plaintiff's claim is that Defendant's revision of "Lidl US, LLC" to "Lidl US Operations, LLC" constitutes "fraud and conspiracy" by replacing "the real defendants with a fake imaginary 'defendant' that never existed in the original legal action." (Id. at 23–26.)

On August 13, 2021, Defendant[3] filed a Response in Opposition to the Motion to Remand (Doc. No. 8), in which it avers that the case is properly before this Court because complete diversity

---

  from the Court of Common Pleas." (Doc. No. 1 at 1.) The caption of Defendant's Notice of Removal lists "Lidl US Operations, LLC" as Defendant. (Id.)

[2] Plaintiff attached as an exhibit a webpage showing the results of a business entity search for "Lidl US, LLC," "Lidl US Operations, LLC," and "Lidl." (See Doc. No. 4-1.)

[3] Defendant filed its Response in Opposition on behalf of both "Defendant Lidl US, LLC (incorrectly identified in the Complaint as the owner and operator of the Lidl retail grocery store located on E. Butler Street, Philadelphia, PA) and Lidl US Operations, LLC (the owner of the subject retail establishment)." (Doc. No. 8 at 1.)

of citizenship exists under 28 U.S.C. § 1332 and because Defendant followed proper removal procedures under 28 U.S.C. § 1441. (See Doc. No. 8 at 4, 6–7.)

By way of background, in the Complaint, Plaintiff names as Defendant "Lidl US, LLC."[4] (Doc. No. 1-1 at 4.) In turn, when Defendant removed the case to this Court, it used the following name as a Defendant in the case caption: "Lidl US Operations, LLC." (Doc. No. 1 at 1.) Defendant states in its Response in Opposition that the true owner of the supermarket store central to the case is "Lidl US Operations, LLC," and not "Lidl US, LLC," which Plaintiff had originally named as the defendant in his Complaint. (See Doc. No. 8 at 2–3.) Defendant explains that it extended a courtesy to Plaintiff by clarifying that Lidl US, LLC was improperly named in his Complaint and, in actuality, Lidl US, LLC "does not own or operate the grocery store." (Id. at 2.) Nevertheless, Defendant maintains that it has at no point "denied that Lidl US, LLC is the named defendant," and that in updating the case caption it was merely correcting a misnomer, instead of attempting to substitute another party as Defendant.[5] (Doc. No. 8 at 2–3, 4–6.)

To rebut Plaintiff's claim that Defendant's removal was improper and clarify the relationship between "Lidl US, LLC" and "Lidl US Operations, LLC," Defendant submitted a Corporate Disclosure Statement (Doc. No. 7) pursuant to Federal Rule of Civil Procedure 7.1, which states in full:

> Pursuant to Federal Rule of 7.1, Defendant Lidl US, LLC (incorrectly identified in the Complaint as the owner and operator of retail establishment at issue in this

---

[4] Throughout the Complaint, Plaintiff additionally refers to named Defendant Lidl US, LLC as "Lidl" because that is the name used at the supermarket stores where products are sold. (Id. at 2, 5–16.)

[5] Defendant further clarifies in its Response: "On the contrary, [Defendant]'s Removal was filed on behalf of Lidl US, LLC with a clarifying statement meant to assist plaintiff in identifying the actual owner (Lidl US Operations, LLC) of the store described in the Complaint." (Doc. No. 8 at 2.)

lawsuit) and Lidl US Operations, LLC (the owner of the subject retail establishment) (collectively referred to as "Defendant" or "Lidl"), hereby certifies:

> Lidl US, LLC is a limited liability company formed under the laws of Delaware with its primary place of business in the Commonwealth of Virginia. Lidl US, LLC does not own or operate the retail grocery store identified in the Complaint.
>
> Lidl US, LLC is a subsidiary of Lidl Stiftung & Co. KG, a German limited partnership organized under German law with its principal place of business in Germany.
>
> Lidl US, LLC is the sole equity member of Lidl US Operations LLC, the owner of the grocery store identified in the Complaint. A second entity, Lidl US Management Inc, is a non-equity member of Lidl US Operations LLC. Lidl US Management Inc. is a Delaware corporation with its principal place of business in the Commonwealth of Virginia.

(Doc. No. 7 at 1.)

On August 16, 2021, Plaintiff filed a Reply (Doc. No. 9). Plaintiff maintains "that the adverse parties removed all existing defendants without Plaintiff's knowledge or permission, and replaced all real defendants with one bogus entity that was never a defendant in this legal action." (Id. at 3–4.) According to Plaintiff, Defendant "removed non-existent legal action and never established jurisdiction of the federal court." (Id. at 4.)

Plaintiff also filed a Motion to Strike (Doc. No. 5). In the Motion to Strike, Plaintiff asks this Court to "strike with prejudice adverse parties' falsified Answer to Plaintiff's Complaint and all affirmative defenses." (Id. at 8.) Plaintiff asserts that "adverse parties' fraudulent document named 'Answer to Complaint and Affirmative Defenses' is nothing more [than] a bogus writing made by someone unrelated to this legal action." (Id. at 6.) Moreover, Plaintiff maintains that Defendant's clarification of its proper business name was fraudulent and created a false defendant, and claims that "there was never a defendant in this case" and Defendant "cannot answer Plaintiff's Complaint." (Id. at 3–4, 6.)

On August 16, 2021, Defendant filed a Response in Opposition to the Motion to Strike (Doc. No. 10). Defendant maintains that, contrary to Plaintiff's assertions, "the first line of the Answer clearly states that it was filed on behalf of the only actual defendant in this matter, Lidl US, LLC." (Id. at 2.) Defendant further contends that Plaintiff advances no argument sufficient to support his broader contention that Defendant's responsive pleadings are legally deficient. (See id. at 4–5.) Nevertheless, Defendant asserts its affirmative defenses satisfied its burden "of placing Plaintiff on notice of the issues involved." (Id. at 6.)

On August 18, 2021, Plaintiff filed a Reply to the Opposition of the Motion to Strike (Doc. No. 11). Plaintiff offers no new arguments supporting his Motion to Strike, but instead alleges "adverse attorneys . . . are just a writing hand" for Defendant and that clarifying Defendant's proper name constitutes harassment. (Id. at 3–4, 8.)

### III.  STANDARD OF REVIEW

Under 28 U.S.C. § 1332, diversity of citizenship jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." § 1441(a).

For a federal court to exercise original jurisdiction, there must be complete diversity of citizenship between the parties, that is, "no plaintiff [may] be a citizen of the same state as any defendant." Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 104 (3d Cir. 2015) (quoting Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010)). Further, the amount in controversy must exceed $75,000, and "the general federal rule is to decide the amount in

controversy from the complaint itself." Angus v. Shiley Inc., 989 F.2d 142, 145 (3d Cir. 1993) (quoting Horton v. Liberty Mutual Ins. Co., 367 U.S. 348, 353 (1961)).

The citizenship of a limited liability company ("LLC") "is determined by the citizenship of its members." Zambelli, 592 F.3d at 418; see also Lincoln Ben. Life Co., 800 F.3d at 105 ("The state of organization and the principal place of business of an unincorporated association are legally irrelevant."). Additionally, "where an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC." Zambelli, 592 F.3d at 420 (citation omitted).

For a motion to strike, under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion is to "clean up the pleadings, streamline litigation, and avoid the unnecessary forays into immaterial matters." United States v. Educ. Mgmt. Corp., 871 F. Supp. 2d 433, 460 (W.D. Pa. 2012). "Partly because of the practical difficulty of deciding cases without a factual record[,] it is well established that striking a pleading should be sparingly used by courts. It is a drastic remedy to be resorted to only when required for the purposes of justice." N. Penn. Transfer, Inc. v. Victaulic Co. of Am., 859 F. Supp. 154, 158 (E.D. Pa. 1994) (citing United States v. Consolidation Coal Co., No. 80-2124, 1991 WL 333694, at *1 (W.D. Pa. July 5, 1991)).

Furthermore, Rule 12(f) motions "are 'not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issue.'" Perma-Liner Indus. v. United States Sewer & Drain, Inc., 630 F. Supp. 2d 516, 526 (E.D. Pa. 2008) (quoting Victaulic, 859 F. Supp. at 159).

Additionally, "[a]n affirmative defense can be stricken 'only if the defense asserted could not possibly prevent recovery under any pleaded set or inferable set of facts.'" Victaulic, 859 F. Supp. at 159 (quoting United States v. Pennsault Chemicals Corp., 262 F. Supp. 101 (E.D. Pa. 1967)); see also Tyco Fire Prod. LP v. Victaulic Co., 777 F. Supp. 2d 893, 903 (E.D. Pa. 2011) ("Affirmative defenses must only provide the opponent fair notice of the issue involved.").

The Court will address Plaintiff's Motion to Remand (Doc. No. 4) and Motion to Strike (Doc. No. 5) seriatim.

IV. **ANALYSIS**

  A. **Motion to Remand**

First, Plaintiff's Motion to Remand (Doc. No. 4) will be denied. Plaintiff argues that the case must be remanded to state court because the Court lacks subject matter jurisdiction over the case. (See Doc. No. 4 at 15.) This is not so. Diversity of citizenship jurisdiction exists because Plaintiff, a Pennsylvania citizen, is of diverse citizenship from Defendant Lidl US, LLC, a citizen of Delaware and Virginia. Additionally, the amount in controversy exceeds $75,000 and is not in dispute. Therefore, Defendant's removal was proper because this Court has diversity of citizenship jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1332.

And regardless of which limited liability company owns the supermarket store at issue, Lidl US, LLC, as alleged by Plaintiff, or Lidl US Operations, LLC, as alleged by Defendant, diversity of citizenship jurisdiction is established. Lidl US, LLC, the defendant named in the Complaint filed by Plaintiff, is not a citizen of Pennsylvania at any level of operation. (See Doc. No. 7 at 1.) For diversity purposes, based upon Defendant's Corporate Disclosure Statement (Doc. No. 7), Lidl US, LLC is a limited liability company formed under the laws of Delaware with its primary place of business in Virginia. (See Doc. No. 7 at 1.) And Lidl US, LLC's parent, Lidl Stiftung & Co. KG, is a citizen of Germany because it is a German limited

partnership organized under German law, with its principal place of business in Germany.[6]  (See Doc. No. 7 at 1; 8 at 9.)

Further, Lidl US Operations, LLC is a citizen of Delaware and Virginia, based on the citizenships of its two members: (1) Lidl US, LLC and; (2) Lidl US Management Inc.  See Zambelli, 592 F.3d at 418.  The first member, Lidl US, LLC, is a citizen of Delaware and Virginia because it is incorporated under the laws of Delaware with its principal place of business in Virginia.  (See Doc. No. 8 at 9.)   The second member, Lidl US Management, Inc., is a citizen of Delaware and Virginia because it, too, is incorporated under the laws of Delaware and has its principal place of business in Virginia.  (See Doc. Nos. 7 at 1; 8 at 10.)  Because neither named Defendant nor any entity in the Corporate Disclosure Statement are citizens of Pennsylvania, complete diversity of citizenship exists between Plaintiff, a citizen of Pennsylvania, and either Defendant Lidl US, LLC or Lidl US Operations, LLC, regardless of which limited liability company owns and operates the store visited by Plaintiff.[7]  Finally, because Plaintiff's demand is in excess of $75,000 and is not in dispute, the amount in controversy requirement is satisfied.[8]  (See Docs. No. 1-1, 8, 10.)

---

[6]  See 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . . ").

[7]  The ownership of the store in question is a factual matter that may be the subject of discovery in this case.

[8]  Plaintiff's demand includes three forms of damages:

(a)  Direct damages: In excess of $50,000 (to be determined by Jury).

(b)  Consequential damages: In excess of $50,000 (to be determined by Jury).

(c)  Other: punitive damages $1,000,000 (to be determined by Jury); injunctive relief, award for costs, including court costs, reasonable attorneys' fees, prejudgment and post-judgment interest, and other such relief as the Court deems necessary and proper.

### B. Motion to Strike

Second, Plaintiff's Motion to Strike (Doc. No. 5) also will be denied. Here, Plaintiff identifies no "redundant, immaterial, impertinent, or scandalous material" in the Answer and affirmative defenses. Fed. R. Civ. P. 12(f). Rather, Plaintiff provides a threadbare recitation and interpretation of Rule 12(f) without any supporting facts and relies solely on previously asserted claims that Defendant "created [its] own fraudulent 'legal action' with one different entity . . . that was never a defendant in this case." (Doc. No. 5 at 5.) Defendant provided twenty-three affirmative defenses in the Answer that "provide[] Plaintiff with notice that Defendant anticipates defending this suit" on those respective grounds. (Doc. No. 3 at 15–19.) Similarly, Plaintiff "makes no effort to distinguish which Affirmative Defenses are at issue, or why the Affirmative Defenses should be stricken." (Doc. No. 10 at 5.) Accordingly, Plaintiff's Motion to Strike (Doc. No. 5) will be denied.

### V. CONCLUSION

For the above reasons, the Court will deny Plaintiff's Motion for Remand (Doc. No. 4) and Plaintiff's Motion to Strike (Doc. No. 5). An appropriate Order follows.

---

(Doc. No. 1-1 at 26.)