IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SERGEI KOVALEV,<br><br>             Plaintiff,<br><br>   v.<br><br>LIDL US, LLC, et al.,<br><br>             Defendants. | CIVIL ACTION<br>NO. 21-3300 |

**OPINION**

**Slomsky, J.**                                                                                                                    **December 20, 2024**

**I.      INTRODUCTION**

Before the Court is Plaintiff Sergei Kovalev's ("Plaintiff") Motion for Reconsideration of the Court's Opinion and Order (Doc. Nos. 146, 147) granting summary judgment in favor of Defendants. (Doc. No. 148.)  In the Motion, Plaintiff, a serial pro se litigant, argues for the fourth time that the case was improperly removed from state court to federal court. (See id.)  In making this argument, Plaintiff reasserts the same arguments made in his first and third Motions to Remand the case to state court, specifically that removal was improper because Lidl US Operations, LLC ("Lidl US Operations"), a non-party to the state court case, filed the Notice of Removal rather than Lidl US, LLC ("Lidl US"), the party named as Defendant in the state court case. (Id.)  As such, Plaintiff contends this Court does not have jurisdiction over this case and requests the Court to reconsider its Opinion and Order granting summary judgment (Doc. Nos. 146, 147).  He further requests that this case be remanded to state court. (Id.)

In response to Plaintiff's Motion, Defendants Lidl US, LLC, Lidl US Operations, LLC, H&S Bakery, Inc., and H&S Holdings Corporation (collectively "Defendants") filed a Response

1

in Opposition, arguing that Plaintiff makes the same argument the Court has already considered and denied in ruling on Plaintiff's first and third Motions to Remand. (Doc. No. 149-1 at 2.) Since the same arguments are being made by Plaintiff, Defendants request that the Court impose on Plaintiff the fees Defendants incurred in responding to the Motion for Reconsideration. (Doc. No. 149 at 2.) For reasons that follow, Plaintiff's Motion for Reconsideration (Doc. No. 148) will be denied. In addition, Defendants' request that the Court impose on Plaintiff the fees Defendants incurred in responding to Plaintiff's Motion (see Doc. No. 149) also will be denied.

**II.      BACKGROUND**

On March 29, 2021, Plaintiff, a citizen of Pennsylvania, filed a Complaint in the Philadelphia Court of Common Pleas, alleging various claims against Lidl US based on loaves of allegedly defective bread he bought from a Lidl grocery store. (Doc. No. 1 at ¶¶ 1, 10.) Lidl US is a limited liability company that distributes Lidl food products and supplies with the assistance of other entities. (Doc. No. 34 at ¶ 12.) It is a wholly owned subsidiary of Lidl Stiftung & Co. KG ("Lidl Stiftung"), a German limited partnership. (Doc. No. 1 at 3.) At the time Plaintiff filed the Complaint in Pennsylvania state court, Lidl US was the only named Defendant along with Does 1 through 10. (See Doc. No. 1.)

On July 23, 2021, Lidl US Operations filed a Notice of Removal, removing the case from Pennsylvania state court to federal court on the basis of diversity of citizenship jurisdiction. (Id.) The reason Defendants had Lidl US Operations file the Notice of Removal, and not Lidl US, was because, according to Defendants, Plaintiff had incorrectly identified Lidl US as Defendant. (See Doc. No. 1 at 1 ("Defendant Lidl US Operations, LLC (incorrectly identified as Lidl US, LLC) hereby files this Notice of removal. . . .").)

Defendants believed that Lidl US Operations was the correct party to file the Notice of Removal because it owns and operates the grocery store where the bread was purchased. Before filing the Notice of Removal, however, Lidl US Operations was not named as a Defendant in the state court case. It is a limited liability company made up of two members: Lidl US and Lidl US Management Inc. ("Lidl US Management"). (Doc. No. 7 at 1.) Lidl US is the sole equity member of Lidl US Operations. (Id.) Lidl US Management, the non-equity member, is a Delaware corporation with its principal place of business in Virginia. (Id.)

On July 30, 2021, Plaintiff filed his first Motion to Remand, arguing that removal was improper because the case was removed from state court by Lidl US Operations, a non-party to the action. (See Doc. No. 4.) In its response, Lidl US Operations explained that Plaintiff incorrectly identified as the Defendant Lidl US when it is Lidl US Operations that owns and operates the Lidl grocery store at issue in the case. (Doc. No. 8 at 1-2.) As such, Lidl US Operations claimed it "extended pro se Plaintiff the same courtesy it would have extended any party in a similar (and common) corporate misnomer scenario" by identifying Lidl US Operations as the proper Defendant. (Id. at 2.)

On September 21, 2021, the Court denied Plaintiff's first Motion to Remand, holding that "regardless of which limited liability company owns the supermarket store at issue, Lidl US, LLC, as alleged by Plaintiff, or Lidl US Operations, LLC, as alleged by Defendant, diversity of citizenship jurisdiction is established." (Doc. No. 13 at 7.) In rendering this decision, the Court noted that the ownership of the Lidl grocery store in question is a factual matter that may be the subject of discovery. (Id. at 8 n. 7.)

Several months later, on January 17, 2022, Plaintiff filed a Motion for Leave to File an Amended Complaint, explaining that he had identified additional Defendants and sought to add

3

them, as well as additional causes of action, to his Complaint.[1]  (Doc. No. 30 at 2.)  On February 3, 2022, the Court granted Plaintiff's Motion and, later the same day, Plaintiff filed the Amended Complaint.  (Doc. Nos. 33, 34.)  In the Amended Complaint, Plaintiff again named Lidl US and Does 1 through 10 as Defendants, but also added as Defendants Lidl US Operations, Lidl Stiftung & Co. KG, H&S Bakery, Inc., and H&S Holdings Corporation.[2]  (See Doc. No. 34.)  Plaintiff cited diversity of citizenship as the basis for federal jurisdiction, alleging that Lidl US is a subsidiary of Lidl Stiftung, which is "a German company formed under German law," and that Lidl US Operations is owned by Lidl US.  (Id. at ¶¶ 29, 31, 37, 45.)  The Amended Complaint asserted the following claims against Defendants:  (1) strict liability, (2) breach of express warranty, (3) breach of the implied warranty of merchantability, (4) breach of the implied warranty of fitness for a particular purpose, (5) negligence, (6) negligence per se, (7) negligent infliction of emotional distress, (8) fraud and fraudulent misrepresentation, (9) reckless endangerment, (10) a violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law, and (11) unjust enrichment.  (See id.)

From February through August 2022, Defendants filed various Motions to Dismiss Certain Counts and Strike Allegations from Plaintiff's Amended Complaint.  (Doc. Nos. 41, 66, 70, 73.)  On December 21, 2022, the Court granted in part and denied in part Defendants' Motions.  (Doc.

---

[1] In addition to adding more Defendants and causes of action, the Amended Complaint also alleges additional facts.  (See Doc. No. 34.)  Specifically, Plaintiff details another, separate instance in which he visited a different Lidl grocery store and purchased four packages of Lidl's "Enriched White Bread."  (Id. at ¶ 69.)  When Plaintiff opened one of the packages, he asserts that he "discovered a large piece of black substance baked inside Lidl's bread."  (Id. at ¶ 70.)  Plaintiff avers that "such black substance appeared to be something like a large piece of foreign object and/or dirt, and/or rodent/rat excrement baked inside the bread itself."  (Id.)

[2] As alleged in the Amended Complaint, H&S Bakery, Inc. and H&S Holdings Corporation are the companies that manufactured the bread at issue.  (Doc. No. 1 at ¶ 21.)

4

No. 76.) Specifically, it dismissed Lidl Stiftung as Defendant due to a lack of personal jurisdiction. (See id.) It also dismissed several claims alleged in the Amended Complaint, leaving only the following claims in the case: (1) strict liability, (2) breach of implied warranty of merchantability, (3) negligence, and (4) negligent infliction of emotional distress. (Id.)

On August 15, 2023, Plaintiff filed a second Motion to Remand, but this time based on different grounds. (Doc. No. 92 (arguing diversity of citizenship jurisdiction no longer exists because the amount in controversy no longer exceeds $75,000).) On September 5, 2023, the Court denied this Motion. (Doc. No. 98.) On May 24, 2024, Plaintiff filed a third Motion to Remand, proffering the same argument that the Court considered and denied on Plaintiff's first Motion to Remand. (See Doc. No. 132.) On July 29, 2024, the Court denied the third Motion to Remand, once again concluding that complete diversity of citizenship exists because neither Lidl US nor Lidl US Operations are citizens of Pennsylvania while Plaintiff is a citizen of Pennsylvania.[3] (Doc. No. 139 at 3.)

On May 23, 2024, Defendants filed a Motion for Summary Judgment, requesting the Court dismiss the case on all remaining counts. (Doc. No. 131.) On October 31, 2024, the Court granted Defendants' Motion for Summary Judgment in full in an Opinion and Order and dismissed the case. (Doc. Nos. 146, 147.)

On November 12, 2024, Plaintiff filed the instant Motion for Reconsideration of the Court's Opinion and Order granting Defendants' Motion for Summary Judgment. (Doc. No. 148.) Rather than address the Court's reasons for granting summary judgment, which apparently is not being challenged in the Motion, Plaintiff again argues that removal to federal court was improper because

---

[3] Whether the amount in controversy exceeded $75,000 was not at issue in Plaintiff's third Motion to Remand. (See Doc. No. 139 at 2 ("Additionally, the amount in controversy exceeds $75,000 and is not in dispute.").)

5

without being a party to the case in state court, and with no authority to do so, Lidl US Operations filed the Notice of Removal rather than Defendant Lidl US.  (See id.)  On November 19, 2024, Defendants filed a Response in Opposition to Plaintiff's Motion and, later the same day, Plaintiff filed a Reply.  (Doc. Nos. 149, 150.)  Plaintiff's Motion for Reconsideration is now ripe for disposition.

### III.   STANDARD OF REVIEW

"The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence."  Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 251 (3d Cir. 2010) (quoting Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quotation omitted)).  Thus, a proper motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice."  Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013) (quoting Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)).  Clear error of law occurs when the court misapplies or fails to recognize controlling precedent.  See In re Energy Future Holdings Corp., 904 F.3d 298, 312 (3d Cir. 2018) (citing Burritt v. Ditlefsen, 807 F.3d 239, 253 (7th Cir. 2015)).

However, "[a] motion for reconsideration 'addresses only factual and legal matters that the Court may have overlooked.  It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through—rightly or wrongly.'"  In re Blood Reagents Antitrust Litig., 756 F. Supp. 2d 637, 640 (E.D. Pa. 2010) (quoting Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993)).  "The moving party bears a substantial burden, which cannot be satisfied through 'recapitulation of the cases and arguments considered by the court before rendering its original decision.'"  United States v. Cephalon, Inc., 159 F. Supp. 3d

550, 555 (E.D. Pa. 2016) (quoting Young Jewish Leadership Concepts v. 939 HKH Corp., No. 93-2643, 1994 WL 184410, at *1 (E.D. Pa. May 10, 1994)) (further citations omitted).  Therefore, "[m]ere dissatisfaction with the Court's ruling . . . is not a proper basis for reconsideration." Progressive Cas. Ins. Co. v. PNC Bank, N.A., 73 F. Supp. 2d 485, 487 (E.D. Pa. 1999). Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  In re Asbestos Prods. Liab. Litig. (No. VI), 801 F. Supp. 2d 333, 334 (E.D. Pa. 2011) (quoting Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995)).

IV.     ANALYSIS

As noted above, in the Motion for Reconsideration, Plaintiff argues that because non-party Lidl US Operations removed the case to federal court rather than named Defendant Lidl US, this Court never obtained jurisdiction over the case and therefore had no authority to grant Defendants' Motion for Summary Judgment.[4]  (See Doc. No. 148.)  As noted, Plaintiff's argument centering on removal by Lidl US Operations is identical to the arguments he made in his first and third Motions for Remand, both of which the Court denied.  (See Doc. Nos. 4, 132, 13, 138.)  As such, while Plaintiff is formally requesting the Court to reconsider its Opinion and Order granting summary judgment, Plaintiff is arguing sub silentio also for reconsideration of the Court's decisions to deny Plaintiff's first and third Motions to Remand.  Accordingly, the Court will treat the instant Motion for Reconsideration as a request to reconsider its decisions regarding Plaintiff's first and third Motions for Remand rather than only its decision to grant summary judgment.

---

[4] In the Motion for Reconsideration, it appears that Plaintiff is relying on the need to correct a clear error of law or to prevent manifest injustice.  He is not arguing an intervening change in controlling law or the availability of new evidence.

As an initial matter, upon further review, the Court now agrees that the case was improperly removed to this Court from Pennsylvania state court. Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by <u>the defendant or the defendants</u>, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441 (emphasis added). Critically, removal is limited to "the defendant or the defendants." <u>See</u> <u>Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.</u>, 772 F.3d 158, 162 (3d Cir. 2014) ("Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand.") And as Plaintiff points out, Lidl US Operations was not a Defendant in the state case at the time it filed the Notice of Removal. (<u>See</u> Doc. No. 148.)

That said, Plaintiff's Motion for Reconsideration will be denied for two reasons. First, Plaintiff waived his right to challenge Lidl US Operations' removal when he cured the removal defect by filing an Amended Complaint naming Lidl US Operations as a Defendant and alleging that diversity of citizenship jurisdiction exists. And second, the Court's denial of Plaintiff's first and third Motions to Remand is harmless error because it has subject matter jurisdiction over the case regardless of whether Lidl US Operations or Lidl US removed the case. Thus, when the Court decided Defendants' Motion for Summary Judgment, it had jurisdiction over this case.

### A. Plaintiff Waived His Right to Continue Challenging Removal

Here, Plaintiff waived his right to challenge the non-party Lidl US Operations' removal of this case from state to federal court when he cured the removal defect by filing an Amended Complaint, adding Lidl US Operations as a Defendant and agreeing that subject matter jurisdiction was conferred by allegations in the Amended Complaint. Following a defendant's decision to remove a case to federal court, the plaintiff may challenge removal by moving to remand the case

to state court. See 28 U.S.C. § 1447(c). Cases may be remanded for two reasons: (1) the federal court lacks subject matter jurisdiction, or (2) there was a defect in the removal procedure. See id. The right to challenge the federal court's subject matter jurisdiction can never be waived. Fed. R. Civ. P. 12(h)(3). But for reasons discussed below, subject matter jurisdiction existed here after removal. And the right to challenge a defect in the removal procedure can be waived if the defect would not have prevented the case from being filed in federal court initially. See Korea Exch. Bank, N.Y. Branch v. Trackwise Sales Corp., 66 F.3d 46, 50 (3d Cir. 1995) (the court concluding based on its facts, albeit different from the facts here, "that an irregularity in removal of a case to federal court is to be considered 'jurisdictional' only if the case could not initially have been filed in federal court" and holding that "a 'defect in removal procedure' [that is not jurisdictional] . . . can be waived").

In this case, the defect in removal procedure that Plaintiff challenges is waivable. As discussed supra, Plaintiff challenges the removal of the case to federal court based on a defect in the removal procedure, namely that the case was removed by Lidl US Operations, a non-party to the state court case, rather than Lidl US, the Defendant named in the state case. (See Doc. No. 148.) But most importantly, Plaintiff waived his right to challenge Lidl US Operations' removal when he cured the removal defect by filing the Amended Complaint, adding Lidl US Operations as Defendant and agreeing that diversity of citizenship jurisdiction exists.

Following the Court's denial of his first Motion to Remand, instead of attempting to determine which Lidl entity was the proper Defendant through discovery as suggested by the Court, Plaintiff requested the Court's leave to amend his Complaint, explaining he had "identified additional Defendants." (See Doc. No. 13 at 8 n. 7; Doc. No. 30 at 2.) After the Court granted Plaintiff's request, Plaintiff filed an Amended Complaint in which he in fact named Lidl US

9

Operations as an additional Defendant. He also added as Defendants Lidl Stiftung & Co. KG, H&S Bakery, Inc., and H&S Holdings Corporation along with the originally named Defendants Lidl US and Does 1 through 10. (See Doc. No. 34.) Additionally, Plaintiff also alleged that the Court has diversity of citizenship jurisdiction over the case. (See Doc. No. 34 at ¶ 29.) Specifically, Plaintiff's allegation on federal jurisdiction in the Amended Complaint is as follows:

> 29. The District Court for the Eastern District of Pennsylvania (in the same manner as any State court) can exercise jurisdiction in this case. Jurisdiction of this Court can be invoked pursuant to and under 28 U.S.C. § 1332 (diversity jurisdiction), § 1367 (supplemental jurisdiction), and § 2202 (injunctive relief).

Id.

As such, Plaintiff's original Complaint, in which Lidl US Operations is not named as Defendant, is superseded by the Amended Complaint, in which Lidl US Operations is named as a Defendant and in which Plaintiff alleges the Court has diversity of citizenship jurisdiction over the case. See Palakovic v. Wetzel, 854 F.3d 209, 220 (3d Cir. 2017) ("[I]n general, an amended pleading—like the amended complaint here—supersedes the earlier pleading and renders the original pleading a nullity.") By adding Lidl US Operations as a Defendant in the Amended Complaint, and conceding the presence of subject matter jurisdiction, Plaintiff cured the removal defect and waived any right to argue that removal by Lidl US Operations was improper because Lidl US Operations was a non-party to the case.

Plaintiff cannot have it both ways. In other words, he cannot argue removal was improper because Lidl US Operations removed the case rather than Lidl US and then amend his Complaint adding Lidl US Operations as a Defendant and agreeing that diversity of citizenship jurisdiction exists. (See Doc. No. 34.) Accordingly, notwithstanding the merits of Plaintiff's first and third

Motions to Remand, Plaintiff waived any right to contend that removal was improper because the Notice of Removal listed Lidl US Operations as the removing party rather than Lidl US.

### B. Denial of Plaintiff's First and Third Motions to Remand Is Harmless Error

Given the allegations on jurisdiction and the naming of Lidl US Operations as a Defendant in the Amended Complaint, the Court's denial of Plaintiff's first and third Motions to Remand, despite a procedural defect in the removal process, is harmless error. Under Federal Rule of Civil Procedure 61, "[u]nless justice requires otherwise," no error by the Court is grounds for "vacating, modifying, or otherwise disturbing a judgment or order" unless it affects a party's substantial rights. Fed. R. Civ. P. 61.

Here, Plaintiff's substantial rights are unaffected by the Court's error in denying Plaintiff's first and third Motions to Remand because, based on the Amended Complaint, complete diversity of citizenship jurisdiction exists between Plaintiff and all Defendants. Under 28 U.S.C. § 1332, diversity of citizenship jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). For a federal court to exercise original jurisdiction, there must be complete diversity of citizenship between the parties, meaning "no plaintiff [may] be a citizen of the same state as any defendant." Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 104 (3d Cir. 2015) (quoting Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010)). Furthermore, the amount in controversy must exceed $75,000, and "the general federal rule is to decide the amount in controversy from the complaint itself." Angus v. Shiley Inc., 989 F.2d 142, 145 (3d Cir. 1993) (quoting Horton v. Liberty Mutual Ins. Co., 367 U.S. 348, 353 (1961)).

The citizenship of a limited liability company ("LLC") "is determined by the citizenship of its members." Zambelli, 592 F.3d at 418; see also Lincoln Ben. Life Co., 800 F.3d at 105 ("The

11

state of organization and the principal place of business of an unincorporated association are legally irrelevant.") Additionally, "where an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC." Zambelli, 592 F.3d at 420 (citation omitted).

Here, neither Lidl US nor Lidl US Operations are citizens of Pennsylvania. Because Lidl US is a limited liability company wholly owned by Lidl Stiftung, its citizenship is determined by the citizenship of Lidl Stiftung. It is undisputed that Lidl Stiftung is a citizen of Germany, meaning Lidl US is also a citizen of Germany. (See Doc. No. 34 at ¶ 5; Doc. No. 7 at 1.) Moreover, because Lidl US Operations is a limited liability company made up of two members, Lidl US and Lidl US Management, its citizenship is determined by the citizenship of its members. Lidl US is a citizen of Germany. Lidl US Management is a citizen of Delaware and Virginia. (Doc. No. 7 at 1.) Accordingly, Lidl US is a citizen of Germany and Lidl US Operations is a citizen of Germany, Delaware, and Virginia. Plaintiff, however, is a citizen of Pennsylvania. (Doc. No. 34 at ¶ 4.) Thus, diversity of citizenship is established. And because Plaintiff's demand is in excess of $75,000, the amount in controversy requirement is also satisfied. (Doc. No. 1-1 at 26; Doc. No. 34 at 43.)

Because diversity of citizenship jurisdiction exists regardless of whether Lidl US Operations or Lidl US removed the case, Plaintiff's substantial rights were unaffected. Had the Court granted Plaintiff's first and third Motions to Remand based on the procedural defect of a non-party removing the case, Lidl US could have immediately remedied its error by filing another Notice of Removal, this time naming itself as the removing party, thus landing the case back in

federal court.[5]  In other words, because the case would have ended up in federal court regardless of whether the Court granted Plaintiff's Motions to Remand, Plaintiff's substantial rights are unaffected by the Court's error in not granting remand earlier in the case.

Moreover, there is no manifest injustice here.  First, as discussed above, this Court has jurisdiction over this case.  Second, as explained in the Opinion granting Defendants' Motion for Summary Judgment, Plaintiff's case against Defendants is meritless regardless of whether the case is properly in state court or federal court.  (See Doc. No. 146.)  Plaintiff's case against Lidl arose out of Plaintiff's alleged consumption of moldy bread that he had purchased from a Lidl grocery store.  (See Doc. No. 1-1.)  According to Plaintiff's original Complaint, after unknowingly consuming the moldy bread, Plaintiff became "violently sick with nausea, vomiting, abdominal pains and cramps, and severe general malaise." (Id. at ¶ 18.)  As a result, Plaintiff asserted eight Pennsylvania state law claims against Lidl US:  (1) strict liability, (2) breach of implied warranty of merchantability and breach of implied warranty of fitness for a particular purpose, (3) negligence, (4) negligence per se, (5) fraud and fraudulent misrepresentation, (6) negligent

---

[5]  Of note, all Defendants in this case are, and have been, represented by the same counsel throughout this litigation.  For example, Sara Frey, Esquire, and Logan King, Esquire, are listed on the state court docket as counsel for Lidl US.  (See Doc. No. 6.)  And the Notice of Removal lists the same attorneys as counsel for Lidl US Operations.  (See Doc. No. 1.)  While Defendants eventually obtained different counsel, namely John Campbell, Esquire, Campbell similarly serves as counsel for all named Defendants.  Accordingly, because Lidl US and Lidl US Operations are represented by the same counsel, if the Court had remanded the case based on the defect in removal, counsel for Defendants could have merely changed the name of the defendant listed on the Notice of Removal to Lidl US and filed it again.  Moreover, it is hard to conceive of a situation where Defendants would not again remove the case to federal court after a remand because diversity of citizenship jurisdiction is present regardless of which entities are named as Defendants.  The legal maxim that equity looks to substance rather than form applies here.  Thus, the case would be in federal court regardless of whether the Court granted Plaintiff's Motions to Remand.

infliction of emotional distress, (7) violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, and (8) reckless endangerment. (See generally id.)

However, at the summary judgment stage, Plaintiff offered no evidence that the bread was moldy when he bought it or that he became sick after allegedly consuming the bread. As explained extensively in the Opinion granting Defendants' Motion for Summary Judgment (Doc. No. 146), evidence of these facts and others is essential to Plaintiff's ability to succeed on any of his eight claims regardless of whether the case is in federal court or state court. Simply put, Plaintiffs case against Defendants is without merit. Accordingly, because Plaintiff's substantial rights were unaffected and justice does not otherwise require disturbing the Court's Order denying remand, any error by the Court in denying Plaintiff's Motions to Remand is harmless.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration (Doc. No. 148) will be denied. In addition, Defendants request that the Court impose on Plaintiff the fees they incurred in responding to Plaintiff's Motion. (See Doc. No. 149.) This request will be denied because Defendants hinge the request on the Court's prior decisions denying Plaintiff's Motions to Remand. But, as the Court has noted above, upon further review, a defect in the removal procedure did exist at the time of removal. Therefore, Plaintiff filed the Motion for Reconsideration in good faith. But for reasons set forth previously, the Motion (Doc. No. 148) is being denied. An appropriate Order follows.